VUONO, J. (concurring).
This case was decided on cross motions for summary judgment. Because I conclude there are genuine issues of material fact surrounding the conversations the plaintiff, Michelle Brown (Michelle), had with Savings Bank Life Insurance Company of Massachusetts (SBLI)'s employee, David Wood, on January 11, 2012, I agree that it was error to enter summary judgment in favor of SBLI on some of the counts of the complaint, and that the judgment in favor of SBLI must be reversed in part and the case remanded for further proceedings.[1] I write separately to clarify the following points.
There is no dispute that the contract claims were properly dismissed. Indeed, Michelle does not appeal from that portion of the ruling on summary judgment. Each *1178 of the remaining tort claims for negligent supervision and deceit, as well as the claim based on an alleged violation of G. L. c. 93A, are based on Michelle's allegation that during the January 11 telephone conversation, which occurred after the policy had lapsed, Wood induced her, as the intended beneficiary, to persuade Daniel Brown (Daniel) to obtain a new policy rather than reinstate the lapsed policy by paying the increased premiums even though Daniel would remain without coverage for a period of time.[2] Put another way, Michelle claims that Wood's alleged failure to *591 counsel her and Daniel to reinstate the lapsed policy caused her to incur one million dollars in damages. These claims are grounded in conduct independent of the insurance policy itself and, as a result, are not barred by the policy's two-year limitations period for "[a]ny suit brought on or in respect to this policy."
Although I concur in the judgment, I note that the evidence in the record indicates that while Daniel could have sought to revive the lapsed policy by paying the increased premium, doing so was "subject to evidence of insurability." It is undisputed that, at the time Daniel underwent a physical exam on March 9, 2012, in connection with his application for a new policy, he was no longer insurable.[3] Additionally, there is evidence demonstrating that Michelle was reluctant to reinstate the lapsed policy. Michelle sent an electronic mail message (e-mail) to Daniel writing: "Here's the number to call to schedule your exam for SBLI Life Insurance. Can you call them? I really don't want to renew the old policy as it's 4k more money but unless you help and get this moving I may have to do that." There is no dispute that Daniel contacted SBLI and underwent the required medical examination. But, it is not for us to assess the strengths and weaknesses of Michelle's case at this juncture. It suffices that she has alleged facts which, viewed in the light most favorable to her, entitle her to a trial. For this reason and none other, I agree that the judgment must be reversed in part.
Michelle also appeals from the denial of her motion to amend her complaint. "The decision to grant a motion to amend falls within the motion judge's broad discretion, Harvard Law Sch. Coalition for Civil Rights v. President & Fellows of Harvard College, 413 Mass. 66, 72, 595 N.E.2d 316 (1992), and we see no abuse of discretion."
*592 Pielech v. Massasoit Greyhound, Inc., 441 Mass. 188, 197-198, 804 N.E.2d 894 (2004). Similarly, I see no abuse of discretion here. Nonetheless, because this case is remanded to the Superior Court where, should she decide to do so, Michelle may file another motion to amend her complaint, there is no reason to address the judge's ruling.

I also agree with the majority's disposition of, and reasoning as to the plaintiff's appeal from the order denying her motion for partial summary judgment. See ante & note 19.

Count 2 of the complaint, for deceit, sets forth the plaintiff's claim as follows:
"This is a cause of action for Deceit for inducing Daniel and Michelle to give up the benefit of continuing the [lapsed] policy by inducing them to apply for a replacement policy without providing the required warnings, disclosures and information about risks that were required."
Count 3 of the complaint also alleges that SBLI was negligent
"in failing to assure compliance with requirements regarding advising insureds of the risks of Replacement transactions and negligence in failing to ensure compliance as represented to the Division of Insurance and to the insureds and policy beneficiaries who were the intended beneficiaries of such promises by SBLI."

On May 2, 2012, SBLI sent Daniel a letter notifying him that his application for a new policy had been denied on the basis of his blood test.